UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**NOT FOR PUBLICATION**

-----------------------------------------------------------------x
NACHMAN NACHMENSON,

              Plaintiff,

      -against-

NYC DEPARTMENT OF HRA SOCIAL SERVICES,
and DEPARTMENT OF HOMELESS SERVICES,

              Defendants.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

17-CV-738 (LDH)(RML)

LaSHANN DeARCY HALL, United States District Judge:

Plaintiff Nachman Nachmenson brings the instant *pro se* action against two New York City agencies, the New York City Human Resources Administration and the Department of Homeless Services ("DHS"). Plaintiff's request to proceed *in forma pauperis* is granted, but the complaint is hereby dismissed, with leave to file an amended complaint within 30 days.

## BACKGROUND

Plaintiff initiated the instant case with a form complaint. (*See* Compl., ECF No. 1.) Plaintiff left blank the section in which he was to provide a basis for jurisdiction. (*Id.* at 4.) In an attached addendum, Plaintiff states that he, his wife, and their ten children have lived in a homeless shelter for seven and a half years. (*Id.* at 6.) Plaintiff states that he and his family have not been provided with a housing voucher sufficient to provide permanent housing for twelve people. (*Id.*) Plaintiff also alleges that unidentified workers at the homeless shelter stole and broke some of the family's belongings. (*Id.*) Plaintiff, who is an Orthodox Jewish rabbi, attributes these incidents to anti-Semitism. (*Id.*) Plaintiff further alleges that the workers gave his family a deadline to move out, but have not provided them with a home voucher for twelve people. (*Id.*) Plaintiff alleges that he has not been given a fair hearing. (*Id.*) He further states

that his son is not receiving child care and is being abused. (*Id.*) Although Plaintiff asserts that Defendants are breaking state and federal laws, he does not specify which laws. (*Id.*) Plaintiff seeks $75,000 in damages and injunctive relief ordering Defendants to stop abusing his family and for a home voucher to cover 95% of the cost of a six-bedroom apartment. (*Id.* at 7.)

On April 3, 2017, in an apparent attempt to amend his pleading, Plaintiff submitted a letter to the Honorable Robert M. Levy. (Plaintiff's Apr. 3, 2017 Letter, ECF No. 4.) In the letter, he describes an interaction with DHS on March 30, 2017. (*Id.* at 1.) Plaintiff states that the "DHS police" broke into his home, handcuffed Plaintiff, took him to Kings County Hospital, and held Plaintiff's wife and baby in the hospital for more than an hour for no reason. (*Id.*) The family was then transferred to a homeless shelter on Dean Street, which Plaintiff contends is infested with roaches and is too far from the children's school. (*Id.*) Plaintiff further alleges that the family's belongings were lost or damaged. (*Id.*) According to the letter, on March 31, 2017, Ms. T. Walden and Ms. Bennett of the Administration for Children's Services ("ACS") came to the shelter and informed Plaintiff that he could not stay there with his children. (*Id.*) Plaintiff tried to explain to them that his family was about to observe Shabbos, but the representatives from ACS did not care. (*Id.*) Plaintiff accuses the ACS representatives of anti-Semitism. (*Id.*) In addition to the relief sought in the complaint, Plaintiff's letter seeks $200,000,000 in damages. (*Id.* at 2.)

## STANDARD OF REVIEW

As Plaintiff is proceeding *pro se*, the complaint is held to less stringent standards than pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and the Court is obliged to construe the pleadings liberally and to interpret them as raising the strongest arguments that they suggest, *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006). An *in forma*

*pauperis* action shall be dismissed where the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted).

At the pleadings stage, a court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009)). The complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Ashmore v. Prus*, 510 F. App'x 47, 48 (2d Cir. 2013) (summary order) ("District courts should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend.").

**DISCUSSION**

Plaintiff has not identified a basis for this Court's subject matter jurisdiction. Plaintiff's claim appears to be based on a claim for housing. There is no basis for this claim under the United States Constitution. Although the Supreme Court observed in *Lindsey v. Normet* that "[w]e do not denigrate the importance of decent, safe, and sanitary housing," it also noted that "the Constitution does not provide judicial remedies for every social and economic ill." 405 U.S. 56, 74 (1972). In that case, the Supreme Court stated that it was "unable to perceive . . . any constitutional guarantee of access to dwellings of a particular quality." *Id.* Determining that the

assurance of adequate housing was a legislative, not judicial, function, the Court concluded that there is no constitutional right to housing. *Id.* Under this authority, the Court finds that Plaintiff has failed to state a claim for a violation of his constitutional rights.[1]

To the extent Court construes the complaint to allege a violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.*, such allegations also fail to state a claim. The FHA forbids, among other things, "discriminat[ion] against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). "Broadly speaking, FHA . . . claims may be prosecuted on the basis of (i) disparate treatment, *i.e.*, that plaintiffs were treated differently because of their membership in a protected class, or on the basis of (ii) disparate impact, *i.e.*, that the defendant's practices have a proportionally greater negative impact on minority populations." *M & T Mortg. Corp. v. White,* 736 F. Supp. 2d 538, 574 (E.D.N.Y. 2010) (citing *LeBlanc-Sternberg v. Fletcher*, 67 F.3d 412, 425 (2d Cir. 1995)). In this case, Plaintiff has not alleged that he and his family suffered disparate impact or disparate treatment in the conditions of rental or the provision of services or facilities. Although he alleges that unidentified workers cursed at him because he is a Jewish rabbi, he has not claimed that these individuals' religious prejudice had any actual impact on his application for a housing voucher or any other conditions of his housing or provision of services.

Under these circumstances, the Court cannot determine whether Plaintiff has suffered impermissible discrimination in violation of the FHA. Accordingly, in light of his *pro se* status, the Court grants Plaintiff leave to file an amended complaint to identify any impact that the

---

[1] Although New York State provides additional guarantees and protections for its citizens, in the absence of any federal constitutional claim in this case, the Court declines to hear Plaintiff's potential state claims.

allegedly anti-Semitic cursing may have had on his request for a housing voucher, or any other claim under the FHA.

## CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is granted. Plaintiff's civil rights claims are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff thirty (30) days within which to file an amended complaint under the Fair Housing Act. The amended complaint must be captioned "Amended Complaint" and shall bear the same docket number as this Order. Should Plaintiff amend his complaint, he must name proper Defendants.[2] All further proceedings shall be stayed for thirty (30) days. If Plaintiff does not file an amended complaint within 30 days, judgment dismissing the case shall enter. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

 /s/ LDH
LaSHANN DeARCY HALL
United States District Judge

Dated: Brooklyn, New York
       June 15, 2017

---

[2] The New York City Charter provides that suits "shall be brought in the name of the City of New York and not in that of any agency." N.Y. City Charter § 396; *see also Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007).